UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YVETTE OSME,

                Plaintiff,

vs.                        Case No. 2:12-cv-431-FtM-29SPC

SHELL POINT VILLAGE, a registered trade name of The Christian & Missionary Alliance Foundation, Inc., a Florida corporation, MARJORIE DOE, supervisor,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #11) filed on November 7, 2012. No response was filed and the time to respond has expired.[1] For the reasons articulated by defendants and for the reasons stated below, the motion will be granted.

In the motion presently before the Court, defendants list "examples" of pleading deficiencies in the Complaint (Doc. #1) including that the Counts do not identify which defendant is referenced or sued in each count; the elements of the claims are not present in each count; Marjorie "Doe" is named as unknown but identified in plaintiff's Charge of Discrimination; Count I appears

---

[1] Finding no response within the time provided under the Local Rules, the Court provided plaintiff an additional opportunity to respond through December 4, 2012. (Doc. #14.) No response was filed.

to include a claim for pattern and practice but this was not exhausted or stated in plaintiff's Charge; it cannot be determined what the cause of action is in Count III, but may be under the Equal Pay Act or a claim for negligent infliction of emotional distress; Count IV is non-specific as to the authority for the whistleblower claim; Count VIII appears to be a claim under the Fair Labor Standards Act without all the necessary elements; the "Prayer for Relief" improperly includes declaratory judgment and injunctive relief, and remedies under additional theories of recovery. The Court notes that the Complaint is otherwise devoid of factual allegations in the incorporated paragraphs 1 through 10, and therefore no plausible claims are asserted under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court will grant the motion for these bases as the Complaint clearly fails to meet the requirements of Fed. R. Civ. P. 8(a)(2).

To the extent that the Charge of Discrimination (Doc. #11-1, Exh. 1) may be considered because it is central to the Complaint, Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007), the Court notes that the Charge contradicts the allegations in the Complaint, Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009)("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (citations omitted)). For example, no continuing action is alleged in the Charge however Count I provides that plaintiff "suffered

continuous harassment" and a "pattern and practice of harassing workers" (Doc. #1, ¶¶ 12-13).  The Complaint also provides the contradictory allegation that plaintiff suffered "harassment over a period of several years."  (Id., ¶¶ 17, 20, 25.)

The motion to dismiss will be granted for all the reasons stated above, with leave to amend the Complaint if plaintiff is able to do so.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss (Doc. #11) is **GRANTED** without prejudice to filing an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.  If no Amended Complaint is filed, the Court will enter judgment dismissing the case without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of December, 2012.

　　　　　　　　　　　　　　　　_/s/ John E. Steele_
　　　　　　　　　　　　　　　　JOHN E. STEELE
　　　　　　　　　　　　　　　　United States District Judge

Copies:
Counsel of record